PATTERSON, Judge.
Floyd James Holman, Jr., appeals his conviction for driving under the influence of alcohol, and his subsequent fine of $350.00 fine and $62.00 court costs. Holman raises only one issue on appeal: Whether the trial court erred by admitting the results of the Intoxylizer 5000 (“1-5000”) into evidence without a predicate that the machine was functioning properly when the test was administered.
Holman was convicted of DUI under § 32-5A-191(a)(l), Code of Ala.1975. Under this subsection, the defendant’s blood alcohol content must be .10% or more at the time of the offense. In this case, the prosecution attempted to prove Holman’s blood alcohol by introducing 1-5000 test results into evidence. These test results were admitted over Holman’s objection, which specified that the prosecution had failed to meet the requirements for admitting these test results into evidence, as set out in Ex 'parte Mayo, 652 So.2d 201 (Ala.1994).
Ex parte Mayo prescribes two criteria that must be satisfied before 1-5000 results are admissible into evidence. The prosecution must “show that the test was administered by a qualified officer in the usual manner and that the 1-5000 in question passed inspection before and after the test.” Id., 652 So.2d at 211.
In this case, the prosecution showed that the officer who operated the 1-5000 was qualified to do so and that he administered the test in the usual manner. However, the prosecution offered no evidence of the accuracy of the 1-5000 used in this case when Holman’s blood alcohol content was tested. We hold that the prosecution failed to lay sufficient predicate regarding the accuracy of the 1-5000 on the date of Holman’s test. Therefore, the admission of this evidence over Holman’s objection was in error. We reverse the judgment and remand this case to the trial court for a new trial. See Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).
REVERSED AND REMANDED.
All Judges concur.